UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>JASON QUICK, et al.,<br><br>                Defendants. | Case No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 28) |

      Cornel Jackson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      On October 16, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 28). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his incarceration has greatly limited his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because Plaintiff has no access to a law library; because Defendants refuse to provide legal information or materials; and Plaintiff has no knowledge of the law; and Plaintiff has limited formal education and reading disabilities. Plaintiff also states that a trial will require cross-examination.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has entered findings and recommendations, recommending that this case proceed on certain of Plaintiff's claims. At this stage, Plaintiff's case is not so exceptional as to merit the request for pro bono counsel by the Court. In addition, it appears that Plaintiff has the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 20, 2020**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

2