UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON QUICK, et al.,<br><br>　　　　　Defendants. | No.  1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>(ECF No. 47)<br><br>ORDER FOR DEFENDANTS TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 33, 35, 39) |

Plaintiff Cornel Jackson ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, proceeds on his second amended complaint filed pursuant to 42 U.S.C. § 1983 on August 10, 2020. (ECF No. 25). Pending before the Court are certain defendants' motion for an extension of time to respond to the second amended complaint. (ECF No. 47). Also pending is Plaintiff's motion for a preliminary injunction and temporary restraining order, (ECF No. 33), which has not yet been opposed.

**I.     BACKGROUND**

The second amended complaint alleges Defendants, employees at the Madera County Jail, have obstructed Plaintiff's ability to mount his own defense in his active criminal case. On October 21, 2020, the District Judge adopted the undersigned's findings and recommendations,

and ordered that this case proceed against certain defendants for violating Plaintiff's First and Sixth Amendment rights and for conspiracy to violate such rights. (ECF No. 30).

The Court ordered Plaintiff to complete service documents. (ECF No. 31). To complete the service documents, Plaintiff was required to photocopy his second amended complaint at least nine times. (*See id.* at 3). On November 2, 2020, Plaintiff filed a motion for injunctive relief, which stated that he was being denied photocopy access and was unable to complete the service documents. (ECF No. 33). His motion included copies of his grievances requesting photocopy access and denials by Madera County Jail staff. The Court ordered the clerk to make the relevant photocopies for Plaintiff as a one-time courtesy. (ECF No. 34).

Plaintiff subsequently filed several additional declarations that concern his ability to access the courts. (ECF Nos. 35, 39). Document 35 includes a declaration from Plaintiff that he has been unable to obtain photocopier access for his petition for a writ of habeas corpus. Document 39 is a signed declaration that states, among other things, that letters from the ACLU were opened outside of Plaintiff's presence.

On January 5, 2021, Defendants Alvarez, Followell,[1] Lopez, Marley, Quick, Ramos and Rossette ("Appearing Defendants")[2] filed a motion for extension of time to respond to Plaintiff's second amended complaint, stating that they needed an additional 60 days so that they can obtain access to Plaintiff's petition for a writ of habeas corpus, which may render some of Plaintiff's claims subject to res judicata. (ECF Nos. 47, 48).[3]

**II.    ANALYSIS**

    **A.    Appearing Defendants' Motion for Extension of Time**

Appearing Defendants request an extension of time, arguing that Plaintiff's separate petition for a writ of habeas corpus may render some of his current claims subject to res judicata.

---

[1] Spelled "Followill" in the motion.

[2] The United States Marshal was unable to complete service as to Defendant Kasandra Sanchez. (ECF No. 45) (summons returned unexecuted; "Sanchez no longer employee and Madera Co. will not accept service. No alternate address known.")

[3] Appearing Defendants neither filed nor emailed to chambers a proposed order with respect to the motion for an extension of time. Counsel is reminded that Eastern District of California Local Rules require proposed orders in such situations. *See* Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules.").

(ECF No. 47). They state that they are not able to obtain a copy of the petition at this time but believe a sixty-day extension will suffice. Defendants have shown good cause for an extension. Therefore, the Court will grant their requested 60-day extension of time.

### B. Plaintiff's Motion for Injunctive Relief

With respect to Plaintiff's motion (ECF No. 33), the Court will order Appearing Defendants to respond to Plaintiff's motion, including supporting declarations.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Appearing Defendants' motion for an extension of time (ECF No. 47) is GRANTED;
2. Appearing Defendants shall respond to the Second Amended Complaint no later than March 15, 2021; and
3. Appearing Defendants shall respond to Plaintiff's motion for injunctive relief (ECF No. 33) and declarations (ECF Nos. 35, 39) within twenty-one days.

IT IS SO ORDERED.

Dated: **January 7, 2021**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE