UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON QUICK, et al.,<br><br>  Defendants. | No.  1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION<br><br>(ECF No. 50) |

On January 15, 2021, Plaintiff Cornel Jackson ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed a motion to deny Defendant's motion. (ECF No. 50). That motion related to Defendants' motion for an extension of time to file an answer, (ECF No. 47), which the Court granted on January 8, 2021 (ECF No. 49). Because the Court already granted Defendants' motion, the Court will construe Plaintiff's instant motion as a motion for reconsideration.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC & S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

This action proceeds on the second amended complaint, which Plaintiff filed on August 10, 2020. (ECF No. 25). The complaint alleges that Defendants, who are all employees at the Madera County Jail, have violated Plaintiff's constitutional rights in connection with his legal mail and access to legal supplies. The Court permitted certain claims to go forward, (ECF No. 30), and ordered the marshal to effect service of process, (ECF No. 37). Defendants' answers were due as early as January 12, 2021.

On January 5, 2021, Defendants—at least the ones who have been served—filed a motion for an extension of time. (ECF No. 47). They stated that they believed certain of Plaintiff's claims may be barred by res judicata or collateral estoppel in connection with a petition for a writ of habeas corpus that Plaintiff filed but which they could not access because a judicial officer possessed it. (*Id.* at 2). They sought a 60-day extension of time to file an answer. (*Id.*). Defendants noted that this request was not made as a stipulation "because Plaintiff did not consent to the proposed extension." (*Id.*; *see also* ECF No. 48 at 3) (in counsel's declaration: "Through correctional officers at the Jail, I attempted to obtain a stipulation from Plaintiff for an extension of time to respond to the SAC.  However, I was informed that Plaintiff refused to stipulate to such an extension.")). The Court granted Defendants' motion on January 8, 2021. (ECF No. 49). At the same time, the Court ordered Defendants to respond to various motions Plaintiff had filed concerning his access to the courts. (*Id.*).

In his instant motion, Plaintiff argues Defendants' motion should be denied because collateral estoppel and res judicata are not relevant in this circumstance. (ECF No. 50).

Upon review of Plaintiff's motion, the Court declines to reconsider its order. While Plaintiff has legal arguments as to why collateral estoppel and res judicata do not apply, the Court finds good cause to allow Defendants further investigation before responding to the complaint. The amount of time requested was reasonable.  It appears that defense counsel is attending to this case and not unduly delaying the proceedings.  The date to respond remains as previously set.

\\\

\\\

\\\

1  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to deny defendants'
2  motion (ECF No. 50) is DENIED.

3

4  IT IS SO ORDERED.

5  Dated: __**January 25, 2021**__           /s/ Erica P. Grosjean
6                                            UNITED STATES MAGISTRATE JUDGE