1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CORNEL JACKSON,                      No.  1:19-cv-01591-NONE-EPG (PC)

12                 Plaintiff,             FINDINGS AND RECOMMENDATIONS,
                                          RECOMMENDING DENYING PLAINTIFF'S
13         v.                             MOTION FOR PRELIMINARY
                                          INJUNCTION AND TEMPORARY
14   JASON QUICK, et al.,                 RESTRAINING ORDER AS MOOT

15                 Defendants.            (ECF No. 33)

16                                        TWENTY-ONE DAY DEADLINE

17

18         Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma*

19   *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's action alleges,

20   among other things, that Defendants, who are staff at his institution of confinement, deny him his

21   First Amendment rights of access to the courts.

22         Pending before the Court is Plaintiff's motion for a preliminary injunction and a

23   temporary restraining order, filed on November 2, 2020. (ECF No. 33). The motion concerns

24   alleged restrictions on Plaintiff's ability to access the courts. Defendants filed an opposition on

25   January 29, 2021. (ECF No. 52). Plaintiff did not file a reply.

26         For the following reasons, the Court recommends denying Plaintiff's motion as moot. The

27   parties have twenty-one days to file objections to these findings and recommendations.

28   ///

                                         1

1    **I.    SUMMARY OF MOTION AND OPPOSITION**

2           In his motion, Plaintiff states that he needs to make photocopies to pursue this action and

3    his petition for a writ of habeas corpus. However, his jail charges for photocopies, and he cannot

4    afford to pay those charges.[1] Plaintiff argues that these policies violate his right of access to the

5    courts and he seeks an injunction against Defendants and others from charging him for such

6    services. (ECF No. 33).

7           Defendants argue that Plaintiff's allegations are now moot. They state that Plaintiff's

8    petition for a writ of habeas corpus has been denied, that he was able to obtain the necessary

9    copies here, and that Plaintiff now has sufficient funds to make photocopies. (ECF No. 52)

10   **II.    LEGAL STANDARD FOR INJUNCTIONS**

11          In order to prevail on a motion for injunctive relief, the moving party must demonstrate

12   that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the

13   absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief

14   sought is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

15   However, injunctive relief is not available when the matter at hand has become moot:

16   > A request for injunctive relief remains live only so long as there is some present
     > harm left to enjoin. Past exposure to illegal conduct does not in itself show a
17   > present case or controversy regarding injunctive relief if unaccompanied by any
     > continuing, present adverse effects. Thus, a claim for injunctive relief becomes
18   > moot once subsequent events have made clear the conduct alleged as the basis for
     > the requested relief could not reasonably be expected to recur.

19

20   *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (internal quotation marks,

     citations, and alteration omitted).

21          The same standards apply to temporary restraining orders. *See Stuhlbarg Int'l Sales Co. v.*

22   *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.2001) (stating that the analysis

23   for temporary restraining orders and preliminary injunctions is "substantially identical").

24   **III.    ANALYSIS OF PLAINTIFF'S MOTION**

25          Here, Plaintiff seeks an injunction on the ground that he was unable to pay for various

26

27   ─────────────────
     [1] On October 30, 2020, Plaintiff filed a motion for judicial assistance because he was unable to obtain necessary
28   photocopies to accomplish service in this action. (ECF No. 32). On November 2, 2020, the Court granted the motion
     and ordered the clerk of court to make the photocopies for Plaintiff. (ECF No. 34).

legal services, particularly copying. (ECF No. 33 at 1) (seeking an order to show cause why

Defendants and others should not be enjoined from "charging and denying the Plaintiff for legal

assistance and services, such as photocopies of legal documents to be presented as exhibits and

declarations in this civil litigation, as well as for exhibits to be presented in his habeas corpus

petitions"). Defendants filed a declaration that includes a history of the balance in Plaintiff's

inmate trust account. (ECF No. 52-2 at 12-16). It shows that Plaintiff previously had a low

balance. For instance, on October 19, 2020, which was shortly before Plaintiff filed a motion

seeking the Court's assistance in serving Defendants in this action, he had 38 cents in his account.

(*Id.* at 14). However, his balance has since increased. On January 25, 2021, Plaintiff had

$1,693.30 in his account. (*Id.* at 16).

The declaration also included several policies concerning inmate copying. Relevant

policies include:

> Jail services staff will photocopy legal documents at the inmate's expense when
> the inmate has sufficient funds in his/her inmate trust account. Documents must
> pertain to the case in which pro per status has been granted.
> - Inmates with funds will receive no more than fifty (50) copies per week.
>   Additional copies may be requested from the authorized legal runners or
>   their attorney.
> - Copy fees are as follows: $1 first page and .20 cents each additional
>   page. . . .
> - Inmates who do not have funds to pay for photocopy services will contact
>   their authorized legal runners to provide photocopy services as needed or
>   their attorney.

(ECF No. 52-2 at 5-6) (capitalization changed).

The declaration also included a document on Madera County Department of Corrections

stationery signed by Plaintiff. It states, in relevant part, that:

> Copy services will be provided by the Jail Services secretary only when you have
> funds to pay for this service. Photocopies of legal documents pertaining to the
> above civil matter will only be copied. You may receive no more than fifty (50)
> copies per week. Copy fees are as follows: [$]1 first page and .20 cents each
> additional page; fees will be deducted from inmate's trust account as accrued.

(*Id.* at 10). Plaintiff did not file a reply to these declarations.

Based on these declarations, there are serious questions as to whether Plaintiff had the

ability to access the courts in the past, when he lacked funds in his account. *See Gluth v. Kagas*,

3

1   951 F.2d 1504, 1509-11 (9th Cir. 1991) (affirming injunction against Arizona correctional

2   department requiring limited free legal photocopying and writing supplies to inmates with under

3   $46 in their accounts). However, Defendants' declaration indicates, and Plaintiff does not contest,

4   that Plaintiff can now afford and thus obtain the legal services he says he needs under the rules of

5   the institution. Hence, his motion for a temporary restraining order or preliminary injunction is

6   moot. *See Bayer*, 861 F.3d at 864 ("A request for injunctive relief remains live only so long as

7   there is some present harm left to enjoin. Past exposure to illegal conduct does not in itself show a

8   present case or controversy regarding injunctive relief if unaccompanied by any continuing,

9   present adverse effects.").

10      The Court recommends denying Plaintiff's motion without prejudice. If Plaintiff later

11   suffers an actual injury from the policies at issue—such as if he needs to obtain more copies to

12   pursue his litigation but cannot afford them—Plaintiff may file a renewed motion for a

13   preliminary injunction.  Additionally, Plaintiff may challenge the constitutionality of Defendants'

14   past practices in the course of this litigation.

15   **IV.    FINDINGS AND RECOMMENDATIONS**

16      For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's motion for a

17   temporary restraining order and preliminary injunction (ECF No. 33) be DENIED as MOOT.

18      These findings and recommendations will be submitted to the United States district judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

20   days after being served with these findings and recommendations, the parties may file written

21   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

22   Findings and Recommendations."

23   \\\

24   \\\

25   \\\

26   \\\

27   \\\

28   \\\

1          The parties are advised that failure to file objections within the specified time may result

2    in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

3    (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4    IT IS SO ORDERED.

5

6    Dated:   **February 22, 2021**                    /s/ *Erica P. Grosjean*

7                                     UNITED STATES MAGISTRATE JUDGE