UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>               Plaintiff,<br><br>   v.<br><br>JASON QUICK, et al.,<br><br>              Defendants. | Case No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 58) |

      Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 18, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 58). Plaintiff asks for appointment of counsel because his confinement will greatly limit his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because the jail's research program takes weeks to provide requested information "and when information is favorable it is not provided" by Defendants, who suppress such information; because he has limited knowledge of the law; because he is unable to afford counsel; because Defendants harass his legal runners; because Defendants re-rout his legal mail; because his facility is on lockdown due to the coronavirus pandemic; because he has been injured by the Court denying a motion for a temporary restraining order because Plaintiff did not know the rules of court; and because he tried and failed to find a lawyer to take his case.

This is Plaintiff's fifth motion to appoint counsel. Plaintiff also filed such motions on November 7, 2019; December 23, 2019; and February 24, 2020. (ECF Nos. 4, 9, 13). The Court denied those motions on May 6, 2020. (ECF No. 20). Plaintiff filed a motion to appoint counsel again on October 16, 2020, which the Court denied without prejudice on October 20, 2020. (ECF Nos. 28 & 29).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The legal issues are not unduly complex. It appears that Plaintiff can adequately articulate his claim despite his lack of training in the law. He has actively litigated this case by filing motions, (ECF Nos. 4, 9, 13, 32, 33, 58), objections to findings and recommendations, (ECF No. 54), and two amended complaints, (ECF Nos. 23 & 25). Thus, at this stage, Plaintiff's case is not so exceptional as to merit a by the Court for pro bono counsel.[1]

///

///

---

[1] Notwithstanding Plaintiff's argument, the Court did not deny Plaintiff's motion for a temporary restraining order (ECF No. 33) simply because Plaintiff did not file a reply brief. Plaintiff's objections (ECF No. 54) to the findings and recommendations (ECF No. 53) operated as a reply brief. The Court ordered additional information based on those objections. (ECF No. 55). The district judge will, in due course, rule upon the findings and recommendations in light of Plaintiff's objections and Defendants' response to the Court's order for additional information, (ECF Nos. 59-61).

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**March 22, 2021**__          /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE