# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JASON QUICK, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(ECF No. 53)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 33)<br><br>TWENTY-ONE DAY DEADLINE |

　　　　Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's action alleges, among other things, that Defendants, who are staff at his institution of confinement, deny him his First Amendment rights of access to the courts.

**I.　　BACKGROUND**

　　　　Pending before the Court is Plaintiff's motion for a preliminary injunction and a

1

temporary restraining order, filed on November 2, 2020. (ECF No. 33). The motion concerns alleged restrictions on Plaintiff's ability to access the courts, particularly, Plaintiff's denial of copies of legal documents at his institution of confinement based on his inability to pay for them. (*Id.* at 1). Defendants responded in opposition on January 29, 2021. (ECF No. 52).

On February 22, 2021, this Court issued findings and recommendations, recommending denial of Plaintiff's motion as moot based on information provided by Defendants showing that Plaintiff had approximately $1700 in his account and thus could afford to pay for copies. (ECF No. 53, p. 3). Plaintiff filed objections, stating that "he is again indigent and . . . thus cannot obtain the legal services he says he needs." (ECF No. 54). In response, the Court directed Defendants to file a statement concerning whether adequate funds remain in Plaintiff's account and, if so, documentation supporting their statement. (ECF No. 55).

Defendants responded on March 22, 2021, and included the declaration of Sergeant Benjamin Mendoza of the Madera County Department of Corrections (DOC) in support of the following allegations. (ECF No. 59; ECF No. 61). While Plaintiff's inmate account previously had approximately $1700, Plaintiff transferred most of those funds shortly after the Defendants responded in opposition to his motion. (ECF No. 59, pp. 2-3). Notably, Sergeant Mendoza's declaration alleges that Plaintiff stated the following in a recorded call with his brother: "Plaintiff said that he received paperwork from the Court, where it showed that he had money on his account, and we (jail staff) were going to start taking the money." (ECF No. 61, p. 2). Plaintiff then "used all the remaining money he had in his inmate account to buy items from the Commissary" in a span of less than three weeks. (*Id.* at 3). Moreover, "since February 1, 2021 (before Plaintiff emptied his inmate account), Plaintiff has not made a request for copying" and, in the past, "the DOC has let Plaintiff run a negative balance in his inmate account so that copy requests could be processed." (*Id.* at 5).

On April 2, 2021, Plaintiff filed a response. (ECF No. 66). Notably, Plaintiff concedes to transferring the bulk of his inmate funds. However, he disputes that his motivation was to avoid having the money taken to cover expenses for photocopies and other similar expenses, stating that the money was taken to try to hire a lawyer. (*Id.* at 4-5). Plaintiff indicates that, since Defendants

response, he has requested a photocopy related to Sergeant Mendoza's declaration. However, he does not indicate that he has been denied any photocopies. Rather, Plaintiff's motion confirms that the DOC has let him run a negative account balance in the past, although he complains that the costs should have been paid from a separate fund. (ECF No. 33, p. 3 ("Plaintiff also convey how his negative balance came from photocopies of legal documents while acting in pro-per and indigent in his criminal case, which the negative balance continued to add up over a 2 year period, instead of being deducted from the inmate welfare funds, that is specifical[l]y created for obtaining equipment and materials for indigent prisoners for such services.")).

Because there has been significant briefing since the Court's issuance of its initial findings and recommendations (ECF No. 53) on Plaintiff's motion (ECF No. 33), the Court will vacate them in favor of the instant findings and recommendations.

For the following reasons, the Court recommends denying Plaintiff's motion. The parties have twenty-one days to file objections to these findings and recommendations.

## II. ANALYSIS OF PLAINTIFF'S MOTION

The granting of a preliminary injunction is drastic remedy that is not awarded as a matter of right. *Munaf v. Geren*, 553 U.S. 674, 689 (2008). In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The same standard applies to temporary restraining orders. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Here, Plaintiff has not met his burden to show entitlement to a preliminary injunction or a temporary restraining order. First, while Plaintiff's motion summarily indicates that he believes that his case is meritorious and he is being denied constitutional rights, he fails to make any developed argument that he is likely to succeed on the merits. (*See* ECF No. 33). And even though Plaintiff's later filings, notably his objections, attempt to elaborate on the merits of his

3

case, he falls short of his burden in these filings too. Although Plaintiff states that "valu[]able exhibits [e.g., witness statements] requested by the courts to support a claim were again not available due to the denial of services," this statement does not provide any detail as to how that alleged denial impaired his ability to litigate his case. (ECF No. 54, p. 5). Plaintiff "cannot submit conclusory [allegations] of injury by claiming his access to the courts has been impeded" and expect to obtain the drastic remedy that is a preliminary injunction. *Shehee v. Redding*, No. 1:14-cv-00706-DAD-SAB, 2017 WL 1573137, at *1 (E.D. Cal. Jan. 24, 2017), *report and recommendation adopted*, 2017 WL 1540195 (E.D. Cal. Apr. 28, 2017). Instead of offering a conclusionary claim of denial of access to the courts, he "must go one step further and demonstrate that the alleged shortcomings in [his institution of confinement] hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Such examples of hindrance include as follows:

> [A prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* But here, Plaintiff does not sufficiently allege injury showing that he has been hindered from pursing his legal claims.

Moreover, Plaintiff has been an active participant in this matter as is demonstrated by his filing various briefs in support of this motion. (*See* ECF Nos. 33, 54, 66). Additionally, as Defendants point out, and as Plaintiff does not dispute, "Plaintiff has been able to file at least two petitions for writ of habeas corpus in the Superior Court." (ECF No. 52, pp. 3-4).

Next, Plaintiff fails to show that he is likely to suffer irreparable harm in the absence of preliminary relief. The key issues are whether Plaintiff lacks the ability to pay for legal services, particularly copying, and if he does, whether he is being denied such services based on his alleged inability to pay. (ECF No. 33, p. 1) (seeking an order to show cause why Defendants and others should not be enjoined from "charging and denying the Plaintiff for legal assistance and services, such as photocopies of legal documents to be presented as exhibits and declarations in this civil litigation, as well as for exhibits to be presented in his habeas corpus petitions").

4

1 | Here, on October 19, 2020, which was shortly before Plaintiff filed a motion seeking the
2 | Court's assistance in serving Defendants in this action, he had 38 cents in his account. (*Id.* at 14).
3 | However, the balance later increased. On January 25, 2021, Plaintiff had approximately
4 | $1,700.00 in his account. (*Id.* at 16). According to Sergeant Mendoza's declaration (which is
5 | undisputed by Plaintiff), after Defendants filed their opposition to Plaintiff's motion on January
6 | 29, 2021, (ECF No. 52), which showed that Plaintiff had nearly $1700 in his account (ECF No.
7 | 52-2, p. 16), Plaintiff transferred the majority of his funds to a third party on February 4, 2021.
8 | (ECF No. 61, p. 4). Thereafter, Plaintiff spent the remainder of his funds, about $112, on
9 | commissary. (*Id.*). Although Plaintiff disputes the reason for this transfer, it is undisputed that
10 | Plaintiff had adequate funds to purchase copies shortly after filing this motion, yet chose to spend
11 | and transfer his money rather than pay for copies. *Pina v. Tilton*, No. C 07-4989 SI (PR), 2009
12 | WL 1631626, at *2 (N.D. Cal. June 8, 2009) ("With regard to the photocopying and postage
13 | expenses, plaintiff's apparent problem is that he wants to spend his money on other things from
14 | the canteen. The way in which he allocates his very limited funds is up to him (not the court) to
15 | decide.").

Additionally, the evidence submitted shows that DOC has permitted him to run a negative account balance in the past to make such copies. (ECF No. 59, p. 5). Accordingly, the Court cannot conclude that Plaintiff will suffer irreparable harm absent injunctive relief.

Because Plaintiff has shown no likelihood of success on the merits or of irreparable injury, "the Court declines to analyze whether the balance of equities weighs in [his] favor or whether the injunction is in the public interest," and will recommend denying Plaintiff's motion.

### III. ORDER AND FINDINGS AND RECOMMENDATIONS

Accordingly, IT IS ORDERED THAT the findings and recommendations (ECF No. 53), recommending denial of plaintiff's motion for preliminary injunction and temporary restraining order as moot, are VACATED.

For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 33) be DENIED.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 4, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE