UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>JASON QUICK, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER REQUIRING RESPONSE FROM THE PARTIES REGARDING REQUEST FOR THE ISSUANCE OF A SUBPOENA *DUCES TECUM*<br><br>(ECF No. 79) |

      Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 21, 2021, Plaintiff filed a request for the issuance of a subpoena *duces tecum*. (ECF No. 79). He seeks to obtain video recordings from court proceedings in his ongoing state criminal case in the Madera Superior Court, for which he faces felony charges.[1] For the reasons given below, the Court lacks sufficient information to rule on the motion and will require the parties to file a response to this order.

## I.    BACKGROUND

      Plaintiff's operative complaint is his second amended complaint, which alleges that

---

[1] The Court may take judicial notice of the court records in Plaintiff's criminal case (MCR058736) in the Madera Superior Court. Fed. R. Evid. 201(b); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

1

prison officials have been improperly opening his legal mail, reading it, confiscating or withholding it, and turning it over to the district attorney to prejudice Plaintiff in his pending state criminal case. (ECF No. 25). Plaintiff also alleges that he has been provided insufficient legal supplies to defend himself in his criminal case. In support of his claims, Plaintiff refers to an incident in his criminal case, alleging that his defense counsel exposed misconduct by Defendants on the record at a court hearing. (*Id.* at 5).

This Court's screening order found that Plaintiff stated cognizable claims against (1) Defendants Quick, Alvarez, Rossette, Followell, Lopez, Ramos, Sanchez, Marley, and Purdente for violating Plaintiff's First and Sixth Amendment rights with respect to Plaintiff's legal correspondence and for conspiracies to violate such rights and (2) Alvarez for violating Plaintiff's right of access to the courts. (ECF No. 26).

## II. THE CURRENT REQUEST

Plaintiff's request for a subpoena *duces tecum* seeks to obtain video recordings from his state criminal case in the Madera Superior Court on the dates of September 7 and 14, 2018; March 25, 2019; September 13, 2019; and December 6, 2019. (ECF No. 79, p. 2). Plaintiff states that the video records from the September 7 and 14, 2018 dates show defense counsel exposing Defendants' misconduct and reveals a larger conspiracy by Defendants. (*Id.*). Although Plaintiff does not offer many specifics, he indicates that "the transcripts of the hearing" would show "that the Defendants intentionally interfer[ed] with the Plaintiff's legal mail and turn[ed] it over to the prosecution team, who in turn used the content of defense plans and strategy to substantially prejudice his defense by the gained unfair advantage." (*Id.* at 3). Plaintiff also states that "at said hearing, he filed for a faretta, and it was granted and he was certified PRO-PER." [2] (*Id.* at 2).

Plaintiff offers less information regarding the March 25, 2019 proceeding, saying he "will later [describe] this video more," but states that it is "relevant in the same manner,"

---

[2] It is unclear if Plaintiff is referring to the September 7 or 14 hearing, or, if he is indicating that a single hearing continued over the course of both dates.

apparently a reference to his earlier discussion concerning the September 7 and 14, 2018 dates. (*Id.* at 3). "Plaintiff claims he again asked the Judge for the transcripts and the motion was denied. In denying the motion the Judge affirmed that he would never give up the transcripts. He did inform the Plaintiff to request the transcripts from his appellate counsel, which the Plaintiff did." (*Id.*).

Plaintiff provides little information regarding the December 6, 2019 proceeding, but generally alleges that "these transcripts which were the key element to the Plaintiff[']s defense to establish his claim, were never received." (*Id.* at 4). Plaintiff says that his appellate counsel sent the transcripts to him but they "were not received" and accuses Defendants of "confiscat[ing] the EX PARTE / confidential transcripts to prevent their unlawful actions from surfacing." (*Id.* at 4-5). However, Plaintiff states that, "a couple of months ago, [he] finally received the transcripts in question . . . and the Plaintiff immediately noticed that the transcripts of the hearings above-listed were edited," including the parts where "Plaintiff's defense counsel[']s testimony expos[ed] the Defendants['] unlawful acts." (*Id.* at 5). He claims that "these videos of exculpatory evidence cannot be obtained, because they can only be obtained by the Plaintiff[']s request due to the information being apart of the Plaintiff[']s pending criminal case and those hearings were ex parte and needs the Plaintiff's consent to waive privilege." (*Id.* at 6).

### III.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 45, a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. However, subpoenas are subject to limitations. Notably, the court where compliance with the subpoena would be required must enforce the duty of the issuing party to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d).

In the scheduling order, the Court also imposed the following requirements for Plaintiff to obtain a subpoena *duces tecum*:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the

> Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party.

(ECF No. 76, p. 4).

Moreover, "[t]he Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Flournoy v. Maness*, No. 2:11-cv-2844-KJM-EFBP, 2016 WL 6493970, at *2 (E.D. Cal. Nov. 2, 2016) (quoting *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991)). A court may, in certain instances, shift the cost of complying with a subpoena from the nonparty to the requesting party. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). Further, some courts refuse to issue subpoenas until a party shows proof that he has made arrangements to pay for the costs of production. *See Hawkinson v. Montoya*, No. CIV.A. 04-CV-01271EW, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) ("I will not order the Clerk of the Court to issue a subpoena commanding the production of documents from a third party until the plaintiff provides proof that he has made arrangements for the payment of any costs associated with the preparation or copying of those documents, or obtained the agreement of the third party to waive the payment of those costs.").

## IV.   ANALYSIS

The Court currently lacks sufficient information to rule on Plaintiff's request. Plaintiff's request is highly unusual because he is requesting that this Court issue a subpoena to another court, with an active case involving Plaintiff, so that he may obtain video records from his ongoing state court criminal case.

It is unclear why Plaintiff cannot obtain these records directly from the state court. *See Gibson v. Beer*, No. CV-F-03-5445-OWW-DLB P, 2008 WL 4057597, at *1 (E.D. Cal. Aug. 29, 2008) (noting that subpoena *duces tecum* was unnecessary where Plaintiff could request court records from the court clerk). While Plaintiff's request generally asserts that Defendants and the state court have interfered with him receiving transcripts of the proceedings he now requests video records for, Plaintiff's request does not provide specific factual allegations to

show that this is correct nor does he attach any exhibits to his request that would support his allegations, *e.g.*, a state court order denying his request for hearing transcripts.[3]

Moreover, the docket from Plaintiff's criminal reveals that Plaintiff has had recent court hearings, including on April 28, 2021, May 13, 2021, and July 8, 2021. To the extent Plaintiff is legally entitled to these transcripts, it is not clear why Plaintiff cannot request them directly from the Court. While Plaintiff indicates that he cannot obtain the video records because the proceedings are *ex parte* and he needs to consent to their release, the Court fails to understand why Plaintiff does not provide his consent to obtain the video records. (ECF No. 79, p. 6).

It is also possible that Plaintiff cannot obtain the transcripts in his case because he is not entitled to them for some legal reason related to his case. If this is the case, the Court needs to understand that legal basis, and consider the general deference to state courts in reference to their own pending matters. *See Mungo v. First Preston Mgmt., Inc.*, No. CV 2006-3120 ENV MDG, 2006 WL 2570978, at *1 (E.D.N.Y. Sept. 5, 2006) ("[A]s a matter of comity, federal courts should defer to state courts in determining whether to unseal state criminal records."); *cf. Younger v. Harris*, 401 U.S. 37, 43, (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). It is also possible that the Court could stay the request until the criminal case is concluded to avoid any conflict between the two.

## V.     CONCLUSIONS AND ORDER

Because the Court lacks sufficient information to rule on Plaintiff's request and will require additional filings from each party, IT IS ORDERED as follows:

1. No later than July 30, 3021, Plaintiff and Defendants shall each file a response to this order, specifically providing any additional information they have as to whether the state court or Defendants have prevented or would prevent Plaintiff from receiving transcripts or video records of the hearings identified in Plaintiff's request for the issuance of a subpoena *duces tecum*.

---

[3] This Court's brief review of the state court docket did not find any orders denying access to records of the video hearings at issue.

2. Each party shall attach to their respective response any documents that they can reasonably obtain, *e.g.* state court orders, indicating that Plaintiff has been denied or would be denied access to the records he seeks should he request them directly from the state court.
3. Should Plaintiff fail to comply with this order, he is warned that his request for issuance of a subpoena *duces tecum* (ECF No. 79) will be denied.

IT IS SO ORDERED.

Dated: __July 9, 2021__        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE