UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>             Plaintiff,<br><br>   v.<br><br>JASON QUICK, et al.,<br><br>             Defendants. | Case No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER DENYING REQUEST FOR THE ISSUANCE OF A SUBPOENA *DUCES TECUM*<br><br>(ECF No. 79) |

Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 21, 2021, Plaintiff filed a request for the issuance of a subpoena *duces tecum*, seeking to obtain video recordings from court proceedings in his ongoing state criminal case in the Madera Superior Court, for which he faces felony charges.[1]  (ECF No. 79).

**I.     BACKGROUND**

In its prior order addressing the request, the Court noted that it was unclear why Plaintiff could not obtain the records directly from the state court. (ECF No. 83). The Court considered that it could be because Plaintiff was not legally entitled to the records, in which

---

[1] The Court may take judicial notice of the court records in Plaintiff's criminal case (MCR058736) in the Madera Superior Court. Fed. R. Evid. 201(b); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

1

case, the Court needed to understand the legal basis in order to afford the general deference owed to state courts in attending to their own pending matters. Concluding that it lacked sufficient information to rule on the motion, the Court issued an order for the parties to file a response to the order. (*Id.*). Specifically, the Court ordered the parties to provide any additional information they have as to whether the state court or Defendants have prevented or would prevent Plaintiff from receiving transcripts or video recordings of the hearings identified in Plaintiff's request for the issuance of a *subpoena duces tecum*. And the Court directed each party to attach to their respective response any documents that they could reasonably obtain, *e.g.* state court orders, indicating that Plaintiff has been denied or would be denied access to the records he seeks should he request them directly from the state court. Both parties have since filed their responses. (ECF Nos. 87, 88).

## II.     THE PARTIES' RESPONSES

Defendants' response states that they believe the video recordings "would be relevant to the extent that they would demonstrate that there was no conspiracy between Defendants and the Madera County District Attorney's Office." (ECF No. 87, p. 2). However, they argue that Plaintiff has failed to demonstrate that the video recordings would support his conspiracy allegations and has failed to show that this Court needs to issue a subpoena to obtain them; thus his request should be denied. (*Id.*). Defendants offer no information as to whether the state court has or would prevent Plaintiff from obtaining the records directly from the state court.

Plaintiff's response indicates, as he does in his motion, that he has received at least some transcripts from the state court. (ECF No. 88, p. 3). Elaborating on his request, Plaintiff claims that the transcripts he received have been edited, in part, to prevent exposure of defendants' alleged wrongdoing, accusing the state trial court of "fabrication of the record" to help conceal defendants' misconduct. (*Id.* at 4). Plaintiff does not offer many specifics, but states that the transcripts incorrectly reflect that a September 14, 2018 hearing "was held on first the 7th of September, 2018." (*Id.* at 3, *see also id.* at 6). Plaintiff asserts that obtaining the video recordings is the only way to obtain a complete record of events. (*Id.* at 9).

As for his ability to request records from the state court, Plaintiff states the he has since requested the video recordings directly from the state trial court and by writing the state court clerk, but the state court has yet to rule on the motion and he has not yet heard from the court clerk. (*Id.* at 9-10). Plaintiff asks "if it would be possible to postpone the request til after he receives an answer from the court?" (*Id.* at 9). Plaintiff attaches a document to his response that appears to be a filing with the state court requesting the video recordings. (*Id.* at 17-18). Further, the docket in Plaintiff's state case has an entry for July 14, 2021, listing the following description for a filing: "Motion Other for transcripts of prior proceedings." The docket does not show any ruling on the motion.

### III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 45, a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. However, subpoenas are subject to limitations. Notably, the court where compliance with the subpoena would be required must enforce the duty of the issuing party to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d).

In the scheduling order, the Court also imposed the following requirements for Plaintiff to obtain a subpoena *duces tecum*:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party.

(ECF No. 76, p. 4).

Moreover, "[t]he Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Flournoy v. Maness*, No. 2:11-cv-2844-KJM-EFBP, 2016 WL 6493970, at *2 (E.D. Cal. Nov. 2, 2016) (quoting *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991)). A court may, in certain instances, shift the cost of complying with a subpoena from the nonparty to the requesting party. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th

Cir. 2013). Further, some courts refuse to issue subpoenas until a party shows proof that he has made arrangements to pay for the costs of production. *See Hawkinson v. Montoya*, No. CIV.A. 04-CV-01271EW, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) ("I will not order the Clerk of the Court to issue a subpoena commanding the production of documents from a third party until the plaintiff provides proof that he has made arrangements for the payment of any costs associated with the preparation or copying of those documents, or obtained the agreement of the third party to waive the payment of those costs.").

Additionally, because this matter concerns a pending state court criminal case, this Court must keep in mind the general deference owed to the state court in deciding whether to permit state court records to be subpoenaed. *See Mungo v. First Preston Mgmt., Inc.*, No. CV 2006-3120 ENV MDG, 2006 WL 2570978, at *1 (E.D.N.Y. Sept. 5, 2006) ("[A]s a matter of comity, federal courts should defer to state courts in determining whether to unseal state criminal records."); *cf. Younger v. Harris*, 401 U.S. 37, 43, (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

**IV.     ANALYSIS**

After considering the parties' responses, the Court will deny without prejudice Plaintiff's request to issue a *subpoena duces tecum*. In his response, Plaintiff has offered no basis for the Court to conclude that he cannot obtain the video hearing recordings absent a subpoena from this Court. *See Gibson v. Beer*, No. CV-F-03-5445-OWW-DLB P, 2008 WL 4057597, at *1 (E.D. Cal. Aug. 29, 2008) (noting that subpoena *duces tecum* was unnecessary where Plaintiff could request court records from the court clerk). While Plaintiff asserts that he has been provided incomplete or edited copies of transcripts of his proceedings, he has failed to attach or cite any portion of the state court record showing that his request for video recordings of proceedings has actually been denied. On this point, Plaintiff appears to have now filed a motion to obtain the video recordings in the state court, which has not been ruled on, and has also sought them from the state court clerk, to which he has not yet received a response.

Finally, the Court notes that Plaintiff asks this Court to postpone ruling on his request until "after he receives an answer from the [state] court." (ECF No. 88, p. 9). The Court will decline to postpone issuing a ruling because at this stage, the narrow question is whether Plaintiff can make a showing that the records are only obtainable through a third party. Currently, Plaintiff cannot make this showing, and the Court sees no reason to allow the request to remain pending because the state court might not allow him to obtain the video recordings. However, the denial will be without prejudice to Plaintiff submitting a future request should the state court decline to permit him to obtain the video recordings.

**V.     CONCLUSIONS AND ORDER**

For the reasons given, IT IS ORDERED as follows:

1. Plaintiff's request for the issuance of a subpoena *duces tecum* (ECF No. 79) is denied without prejudice;
2. Should the state court deny Plaintiff's request to obtain the video recordings, Plaintiff may file a future request for the issuance of a subpoena *duces tecum*;
3. If Plaintiff files a future request for the issuance of a subpoena *duces tecum*, he must attach the state court's response indicating that he has been denied permission to obtain the records he seeks.

IT IS SO ORDERED.

Dated:   **August 9, 2021**                     /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE