UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>                Plaintiff,<br><br>   v.<br><br>JASON QUICK, et al.,<br><br>               Defendants. | Case No. 1:19-cv-01591-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 96) |

Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 3, 2021, Plaintiff filed his sixth motion for appointment of pro bono counsel. (ECF Nos. 4, 9, 13, 28, 58, 96). Generally, Plaintiff asks for appointment of counsel because his confinement limits his ability to litigate, the issues involved in this case are complex and will require significant research and investigation, and he is unable to afford counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The legal issues are not unduly complex. It appears that Plaintiff can adequately articulate his claim despite his lack of training in the law. He has actively litigated this case by filing motions, (*see e.g.*, ECF Nos. 4, 9, 13, 32, 33, 58, 90, 96), objections to findings and recommendations, (ECF Nos. 54, 80), and two amended complaints, (ECF Nos. 23, 25). Thus, at this stage, Plaintiff's case is not so exceptional as to merit appointment of pro bono counsel.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 96) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 6, 2021**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2