# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON, | Case No. 1:19-cv-01591-NONE-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| JASON QUICK, et al., | |
| Defendants. | (ECF No. 90) |
| | OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS |

Plaintiff Cornell Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has moved for a preliminary injunction concerning Defendants' denial of Plaintiff's request for legal correspondence materials (*i.e.*, photocopies, envelopes, postage) and Plaintiff's newly appointed criminal defense counsel's interference with Plaintiff's access to courts. For the reasons described below, the undersigned recommends that Plaintiff's motion for preliminary injunction be denied.

## I.     BACKGROUND

Plaintiff filed the complaint commencing this action on November 7, 2019. (ECF No. 1). A second amended complaint ("SAC") was filed on August 10, 2020. (ECF No. 25). This action is proceeding on, *inter alia*, Plaintiff's claims against Defendants for violating Plaintiff's First

Amendment right of access to courts based on the SAC's allegations that while Plaintiff was representing himself in his criminal proceeding: Defendants in the Classification Unit denied Plaintiff's request for legal supplies without comment; Defendant Alvarez informed Plaintiff that he is required to purchase his own stamps, envelopes, pens, or papers from the commissary of have someone drop them off, despite Plaintiff's indigency; Defendants knew Plaintiff was indigent but still charged Plaintiff for photocopies of exhibits; and the Classification Unit's legal assistance program provided Plaintiff only with caselaw they wanted him to have instead of adequate assistance from persons trained in the law. (ECF Nos. 26, 31).

On November 2, 2020, Plaintiff filed a motion for preliminary injunction and temporary restraining order concerning alleged restrictions on Plaintiff's ability to access the courts, particularly, the denial of copies of legal documents at his institution of confinement based on his inability to pay for them. (ECF No. 33 at 1).[1] On February 22, 2021, the undersigned issued findings and recommendations recommending denial of the motion as moot based on information provided by Defendants showing that Plaintiff had approximately $1700 in his account and thus could afford to pay for copies. (ECF No. 53). After Plaintiff filed objections asserting that he again lacked the funds to pay for his legal services, the Court permitted the parties to file further briefing regarding the status of Plaintiff's funds. (ECF Nos. 54, 55).

On June 4, 2021, the undersigned vacated the previous findings and recommendations and issued new findings and recommendations recommending that Plaintiff's motion be denied. The evidence submitted showed that the Madera County Department of Corrections ("DOC") permitted Plaintiff to run a negative account balance in the past to make his legal copies, and the undersigned concluded that Plaintiff had shown no likelihood of success on the merits or of irreparable injury. (ECF No. 77). On July 20, 2021, the district judge adopted the findings and recommendations, agreeing that Plaintiff "has failed to show that he is likely to suffer irreparable harm in the absence of the granting of the requested preliminary relief. Plaintiff has not demonstrated that his fluctuating trust fund account has impeded his ability to obtain necessary copies or impeded his access to the courts in any material way." (ECF No. 86 at 2).

---

[1] Citations refer to the pagination assigned by the CM/ECF system.

On October 8, 2021, Plaintiff filed the instant "order to show cause for an [sic] preliminary injunction," (ECF No. 90), which the Court construes as a motion for preliminary injunction. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a *pro se* motion to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally). On October 29, 2021, Defendants filed an opposition. (ECF No. 92). Plaintiff did not file a reply.

## II.   DISCUSSION

### A.  Summary of Motion and Opposition

In the motion for preliminary injunction, Plaintiff alleges that Defendants and officials acting in concert with Defendants have ignored or denied Plaintiff's requests for photocopies and correspondence materials such as envelopes and postage. Plaintiff states that he specifically "explained in his request that the photocopies and correspondence materials are needed for his petition of writ to send out to the Supreme Court and Attorney General . . . also for a [sic] appeal in the U.S. Court of Appeals." (ECF No. 90 at 2). "Plaintiff requested photocopies for months after his petition was denied in June, . . . [but] Plaintiff never received a response." (Id.). Plaintiff filed a grievance on the issue, which was rejected as containing false information. Plaintiff "was finally provided with photocopies on the 19th." (Id.). Plaintiff states that he attempted to file a motion for preliminary injunction on September 29, 2021 but was denied postage. (ECF No. 90 at 3). Plaintiff was forced to sell his lunches and dinner trays "just to properly litigate." (Id.).

Additionally, Plaintiff raises a "[s]econd issue" regarding his "newly appointed defense counsel," alleging:

> Plaintiff states his newly appointed defense counsel has now
> interfered with his access to courts, were on August 27, 2021,
> Plaintiff clearly convey [sic] to the attorney, that the Plaintiff had a
> motion order for transcripts needed to support his claim in the U.S.
> Court of Appeals, as well as wanted to verbally request the video
> recordings of prior hearings, which this Court advised the Plaintiff
> to do, before the Court could rule on his Motion for a Subpoena.
> Plaintiff clearly told counsel he was certified pro-per in a civil
> action were [sic] the record of the pending prosecution would show
> prejudice and was in question for supporting the motive to the
> constitutional claim. Plaintiff states that his new counsel works for

the firm which counsel testimony is needed to point out the motive, counsel took the motion and didn't file it, and when Plaintiff tried to speak to the judge counsel stopped him from speaking to the judge so he could request the video's [sic] Plaintiff claims counsel Craig Collins is interfering with the progress of the above-listed action, to prevent his firm, the courts, and defendants from being exposed for their subjective knowledge of prejudice subjected upon the Plaintiff, which meets the "special circumstances" exception of Younger v. Harris for proven harassment.

(ECF No. 90 at 3–4).

In the opposition, Defendants argue that the motion should be denied because: (1) the motion is not supported by any admissible evidence; (2) the matters raised in the motion are outside the scope of the allegations in the second amended complaint and do not involve Defendants in this action; and (3) there is nothing in the motion and record provided by Defendants suggesting that Plaintiff's rights under the law have been violated. (ECF No. 92 at 3).

Defendants provide a copy of DOC's Policy and Procedures Manual, which states in pertinent part:

> B. Criminal pro per inmates will be provided materials by the jail services staff upon inmate request and verification of pro per status. Items must be utilized for their legal matters pertaining to the case in which pro per status has been granted.
>
> • Pro per inmates may purchase materials needed from commissary. Materials not provided by commissary may be delivered to the jail by legal runners; jail services staff will inspect and provide items as requested by inmates. The following is a list of authorized supplies:
>
>> a. Blue pen
>> b. Legal envelopes
>> c. First class stamps
>> d. Yellow highlighters
>> e. Manila envelopes 9"x12"
>> f. Lined paper
>> g. Pleading paper
>> h. Pencil and eraser
>
> • Indigent criminal pro per inmates will have access to the above supplies free of charge.
>
> C. Jail services staff will photocopy legal documents at the inmate's expense when the inmate has sufficient funds in his/her inmate trust account. Documents must pertain to the case in which pro per status has been granted.

- Inmates with funds will receive no more than fifty (50) copies per week. Additional copies may be requested from the authorized legal runners or their attorney.

- Copy fees are as follows: $1 first page and .20 cents each additional page. Fees will be deducted from inmate's trust account as accrued.

- Inmates who do not have funds to pay for photocopy services will contact their authorized legal runners to provide photocopy services as needed or their attorney.

. . .

2. Inmates who choose to proceed as their own attorney in civil matters (e.g., dissolution of marriage and child custody issue) have the following options:

- Hire an attorney to handle the civil matter.

- Ask the court to continue the case until such time as the inmate is out of custody.

- Jail services staff will only provide the initial forms to establish the legal process and has made available the Madera Court self help phone number free of charge.

(ECF No. 92-1 at 6–8 (capitalization changed)).

Defendants also provide DOC records, which reflect the following: On August 14, 2021, Plaintiff submitted an inmate grievance asserting that Plaintiff had requested photocopies "for months" and said requests were intentionally disregarded. On August 25, 2021, the grievance was "rejected for false information" because Plaintiff had submitted a request dated August 17, 2021 and copies were made and given to Plaintiff on August 19, 2021. (ECF No. 92-1 at 10). On September 8, 2021, Plaintiff submitted a grievance stating that his September 6, 2021 request for photocopies of legal documents for litigation in federal court was refused. On September 13, 2021, the grievance was "rejected due to false information" because Plaintiff was provided copies of his legal paperwork on September 9, 2021. (Id. at 11). On September 20, 2021, Plaintiff submitted a request for copies of his previous request forms, dated September 6 and 11, 2021, which Plaintiff claimed were "needed to be presented as exhibits in a [sic] open civil litigation which I am acting in pro-per." (Id. at 12). This request was denied "due to not having any money on you [sic] inmate account." (Id.). On September 27, 2021, Plaintiff submitted a

1  request for postage, manila envelopes to send out his habeas petition to the Supreme Court and

2  Attorney General, and one envelope to send an opening brief to the United States Court of

3  Appeals. (<u>Id.</u> at 13). The request was denied because Plaintiff was not a criminal pro-per inmate.

4  (<u>Id.</u>).

5           **B.  Analysis**

6           A federal court may issue an injunction if it has personal jurisdiction over the parties and

7  subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

8  not before the court." <u>Zepeda v. INS</u>, 753 F.2d 719, 727 (9th Cir. 1983). <u>See</u> <u>Murphy Bros., Inc.</u>

9  <u>v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party

10 officially, and is required to take action in that capacity, only upon service of summons or other

11 authority-asserting measure stating the time within which the party served must appear to

12 defend"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties

13 to the action," their "officers, agents, servants, employees, and attorneys," and "other persons

14 who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). "When a plaintiff

15 seeks injunctive relief based on claims not pled in the complaint, the court does not have the

16 authority to issue an injunction." <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d

17 631, 633 (9th Cir. 2015).

18          The granting of a preliminary injunction is drastic remedy that is not awarded as a matter

19 of right. <u>Munaf v. Geren</u>, 553 U.S. 674, 689 (2008). In order to prevail on a motion for injunctive

20 relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is

21 likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities

22 tips in its favor; and (4) that the relief sought is in the public interest. <u>Winter v. Natural Res. Def.</u>

23 <u>Council, Inc.</u>, 555 U.S. 7, 20 (2008). Requests for prospective relief are further limited by the

24 Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is

25 narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

26 and is the least intrusive means necessary to correct the violation of the Federal Right." 18

27 U.S.C. § 3626(a)(1)(A).

28 ///

1   "A court's equitable power lies only over the merits of the case or controversy before it.

2   When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does

3   not have the authority to issue an injunction." Pac. Radiation, 810 F.3d at 633.

4
> [T]here must be a relationship between the injury claimed in the
> motion for injunctive relief and the conduct asserted in the
5
> underlying complaint. This requires a sufficient nexus between the
> claims raised in a motion for injunctive relief and the claims set
6
> forth in the underlying complaint itself. The relationship between
> the preliminary injunction and the underlying complaint is
7
> sufficiently strong where the preliminary injunction would grant
> "relief of the same character as that which may be granted finally."
8
> De Beers Consol. Mines, 325 U.S. at 220, 65 S.Ct. 1130. Absent
> that relationship or nexus, the district court lacks authority to grant
9
> the relief requested.

10  Id. at 636.

11   In the instant motion for preliminary injunction, Plaintiff alleges that his newly appointed

12  defense counsel took Plaintiff's motion for transcripts but never filed it and prevented Plaintiff

13  from speaking with the judge and orally requesting video recordings of the prior hearings.

14  Plaintiff also appears to assert that defense counsel has a conflict of interest. (ECF No. 90 at 3–

15  4). However, there is no relationship or nexus between newly appointed defense counsel's failing

16  to file a motion for transcripts and impeding Plaintiff's oral request for recordings and the SAC's

17  claims regarding denial of legal supplies, charging for photocopies, and inadequate legal

18  assistance; the preliminary injunction with respect to defense counsel would not grant relief of

19  the same character as that which may be granted finally. See Pac. Radiation, 810 F.3d at 636.

20  Because claims regarding newly appointed defense counsel's conduct regarding discovery in

21  Plaintiff's criminal proceeding were "not pled in the complaint, the court does not have the

22  authority to issue an injunction" with respect to defense counsel. Id. at 633. See, e.g., Harris v.

23  Munoz, No. 1:21-cv-01372-HBK, 2021 WL 5822935, at *4 (E.D. Cal. Dec. 8, 2021)

24  (recommending denial of injunction where plaintiff sought relief pertaining to retaliatory conduct

25  that occurred at unspecified times and involved correctional officers not named as defendants,

26  which differed from retaliatory conduct raised in complaint that occurred in November 2020);

27  Reid v. Engel, No. 2:16-cv-2220-KJN, 2017 WL 590247, at *6 (E.D. Cal. Feb. 13, 2017)

28  (denying injunction where plaintiff sought "injunctive relief pertaining to property confiscated

1  following plaintiff's arrest, wholly unrelated to his claims against the California State Bar and his

2  criminal defense attorney raised in the complaint" and sought "injunctive relief against

3  individuals who are not named as defendants").

4         With respect to the denial of photocopies and correspondence materials, the undersigned

5  finds that Plaintiff has not met his burden showing entitlement to a preliminary injunction.

6  Plaintiff fails to establish that he is likely to succeed on the merits because Plaintiff does not

7  demonstrate that he suffered an actual injury. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th

8  Cir. 2015) (describing likely success on the merits as "the most important" factor under Winter

9  and holding that "when a plaintiff has failed to show the likelihood of success on the merits, we

10  need not consider the remaining three Winter elements" (internal citations, quotation marks, and

11  brackets omitted)).

12         Prisoners have a right under the First and Fourteenth Amendments to litigate claims

13  challenging their sentences or the conditions of their confinement without direct interference

14  from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817,

15  824–25 (1977); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other

16  grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). However, the

17  right of access is merely the right to bring to court a grievance the inmate wishes to present, and

18  is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at

19  354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury

20  as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis,

21  518 U.S. at 351. In other words, he must be able to show that the deprivation has directly

22  impacted the relevant litigation in a manner adverse to him. Lewis, 518 U.S. at 348 (defining

23  "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as

24  the inability to meet a filing deadline or to present a claim"). While Plaintiff has a constitutional

25  right to access the courts, the interferences complained of by Plaintiff must have caused him to

26  sustain an actual injury. Id. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v.

27  Hust, 588 F.3d 652, 655 (9th Cir. 2009).

28  ///

1    Here, Plaintiff alleges that Defendants and officials acting in concert with Defendants

2    have ignored or denied Plaintiff's requests for photocopies and correspondence materials such as

3    envelopes and postage. Defendants have submitted evidence that they provided copies of certain

4    documents requested by Plaintiff, although it is unclear if there was a delay in receiving the

5    copies.[2] (ECF No. 92-1 at 10–11). Mere delay in receiving copies is not sufficient to establish

6    that Plaintiff is likely to succeed on the merits of an access to courts claim. Additionally, Plaintiff

7    does not demonstrate that he suffered an actual injury as a result of the denial of Plaintiff's other

8    requests for photocopies and correspondence materials. Although Plaintiff noted in his requests

9    to jail officials that the photocopies and correspondence materials were "needed for his petition

10   of writ to send out to the Supreme Court and Attorney General" and "for a[n] appeal in the U.S.

11   Court of Appeals, which is on a deadline, and will be dismissed this week as a result of the

12   officials denials," (ECF No. 90 at 2), the motion does not allege that Plaintiff was unable to file

13   his petition with the Supreme Court or that he in fact missed a deadline and his appeal in the

14   United States Court of Appeals was dismissed as a result.[3] See Crozier v. Endel, 447 F. App'x

15   861, 862 (9th Cir. 2011) ("The district court properly dismissed Crozier's access-to-courts claim

16   because, given his successful filing of numerous civil rights actions, he could not allege any

17   actual injury as a result of his delayed or limited access to the prison law library or other

18   materials."); Johnson v. Barczak, 338 F.3d 771, 773 (7th Cir. 2003) "[A] delay becomes an

19   injury only if it results in 'actual substantial prejudice to specific litigation.'" (citation omitted));

20   Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's

21   legal action or communicate with the courts does not rise to the level of a constitutional

22   violation.'" (citation omitted)). Accordingly, because Plaintiff does not demonstrate that he

23

24   _____

[2] Defendants provide the Court with Plaintiff's requests from August and September 2021. However, Plaintiff alleges that he "requested photocopies for months after his petition was denied in June, . . . [and] never received a response." (ECF No. 90 at 2).

25

[3] The Court notes that according to court records, Plaintiff filed a petition for writ of habeas corpus in the California Supreme Court on November 12, 2021. In re Jackson, No. S271791 (Cal. filed Nov. 12, 2021). Plaintiff also timely

26   responded to a Ninth Circuit order and moved to voluntarily dismiss his appeal. Jackson v. Barrett, No. 21-16363 (9th Cir. 2021). See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.

27   1992) (noting that the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (internal quotation marks and citation

28   omitted)).

suffered an actual injury, Plaintiff fails to establish that he likely to succeed on the merits and thus, Plaintiff is not entitled to a preliminary injunction.[4]

## III.   RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunction (ECF No. 90) be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY-ONE (21) days** after service of the Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 7, 2022__              /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] As the Court finds that Plaintiff has not met his burden showing entitlement to a preliminary injunction because he does not establish that he is likely to succeed on the merits, the undersigned will not address Defendants' arguments that denial is warranted because the motion is not supported by any admissible evidence and the matters raised in the motion are outside the scope of the allegations in the second amended complaint and do not involve Defendants in this action.