UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASON QUICK, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01591-JLT-EPG (PC)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO SECOND AMENDED COMPLAINT<br><br>(ECF No. 107) |

　　　　Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims in his second amended complaint against (1) Defendants Jason Quick, Elizabeth Alvarez, A. Rossette, Lt. Followell, Lisette Lopez, Dominic Ramos, Kasandra Sanchez, Hermina Marley, and C. Prudente for violating Plaintiff's First and Sixth Amendment rights with respect to Plaintiff's legal correspondence and for conspiracies to violate such rights and (2) Defendant Elizabeth Alvarez for violating Plaintiff's right of access to the courts. (ECF No. 30). This matter is before the Court on Defendants' motion for leave to file a first amended answer to Plaintiff's second amended complaint. (ECF No. 107).

　　　　As grounds, Defendants state that their initial answer, filed on March 11, 2021, inadvertently left off Defendant Carmela Prudente (identified in the second amended complaint as "C. Purdente") in "the list of [D]efendants that were appearing in the case through the filing of

the Answer." (*Id.* at 2). Defendants further state that they intend to file a motion for summary judgment, and Defendant Prudente wishes to join in the motion.[1] The motion to amend is supported by the affidavit of defense counsel and attaches a proposed first amended answer to Plaintiff's second amended complaint. (ECF No. 107-1).

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of the court, and "[t]he court should freely give leave when justice so requires." "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [a party] has previously amended his [pleading]." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). And "[a]bsent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Beginning with prejudice, the Court concludes that there is no prejudice in granting leave to amend, as the amended answer is materially the same to the initial answer in all respects except that it adds Defendant Prudente as a responding Defendant. (*Compare* ECF No. 56 *with* ECF No. 107-1). Thus, Plaintiff has been aware of Defendants' collective admissions, denials, and affirmative defenses all along. Moreover, the Court finds that none of the other factors are present such that there is a strong showing overcoming the presumption of granting leave to amend.

Accordingly, IT IS ORDERED as follows:

1. Defendants' motion for leave to file a first amended answer to the second amended complaint (ECF No. 107) is granted; and

\\\
\\\
\\\
\\\

---

[1] On April 7, 2022, Defendants, including Prudente, filed a motion for summary judgment. (ECF No. 108).

2. The Clerk is directed to file the proposed first amended answer (ECF No. 107-1, pp. 5-8) in a separate docket entry on the record and serve a copy on Plaintiff along with this order.

IT IS SO ORDERED.

Dated: **April 8, 2022**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE