UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>JASON QUICK, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01591-JLT-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 108) |

    Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2022, Defendants Jayson Quick, Elizabeth Alvarez, Alvaro Rossette, Jim Followill, Lisette Lopez, Dominic Ramos, Hermina Marley, and Carmela Prudente moved for summary judgment respecting Plaintiff's claims that the Defendants violated Plaintiff's First and Sixth Amendment rights with respect to Plaintiff's legal correspondence and for conspiracies to violate such rights, and Defendant Elizabeth Alvarez moved for summary judgment on Plaintiff's claim against Defendant Alvarez for violating Plaintiff's right of access to the courts. (ECF No. 108).

    Under Local Rule 230(l), Plaintiff's response was due within twenty-one days after Defendant served him with a copy of the motion. To date, Plaintiff has not filed an opposition to the motion for summary judgment, and the time period for him to do so has expired.

    Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." While a motion for summary judgment cannot be granted

by default, *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013), the Court does have other options when a party fails to respond. For example, if Plaintiff fails to respond, the Court may treat the facts asserted by Defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Additionally, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under this Rule, a court may dismiss an action *sua sponte*. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Additionally, the Court has the inherent power to *sua sponte* dismiss an action for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Given Plaintiff's *pro se* status, and to ensure that Plaintiff has had a sufficient opportunity to respond to the motion for summary judgment, the Court will grant Plaintiff one final opportunity to respond.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has until May 31, 2022, to file and serve an opposition or a statement of non-opposition to Defendants' motion for summary judgment (ECF No. 108).

2. If Plaintiff files an opposition, Defendants have fourteen days from the date the opposition is filed in CM/ECF to file and serve a reply to the opposition.

3. Additionally, Plaintiff is reminded that he is required to keep the Court updated as to his current mailing address.

IT IS SO ORDERED.

Dated: **May 11, 2022**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2