UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON QUICK, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01591-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT KASANDRA SANCHEZ BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

**I.    BACKGROUND**

Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Due to Plaintiff's failure to complete service on Defendant Kasandra Sanchez pursuant to Federal Rule of Civil Procedure 4(m), the Court will recommend that Defendant Kasandra Sanchez be dismissed from this action without prejudice.

Plaintiff initiated this action with the filing of the complaint on November 7, 2019. (ECF No. 1). Plaintiff amended his complaint twice, with the operative complaint being Plaintiff's second amended complaint. (ECF Nos. 23, 25). On September 30, 2020, this Court issued findings and recommendations, recommending that this case proceed on Plaintiff's claims in his second amended complaint against (1) Defendants Jason Quick, Elizabeth Alvarez, A. Rossette, Lt. Followell, Lisette Lopez, Dominic Ramos, Kasandra Sanchez, Hermina Marley, and C. Prudente for violating Plaintiff's First and Sixth Amendment rights with respect to Plaintiff's

1

legal correspondence and for conspiracies to violate such rights and (2) Defendant Elizabeth Alvarez for violating Plaintiff's right of access to the courts. (ECF No. 26). These findings and recommendations were adopted on October 21, 2020. (ECF 30).

Thereafter, the Court ordered Plaintiff to return service documents necessary to complete service on the Defendants. (ECF No. 31, 34). Plaintiff submitted the service documents, and the Court directed the United States Marshals Service to pursue service on Defendants using the documents that Plaintiff provided. (ECF Nos. 36, 37).

On December 17, 2020, the summons was returned unexecuted as to Defendant Kasandra Sanchez with the following notation: "Service returned unexecuted. Sanchez no longer employee and Madera Co. will not accept service. No alternate address known." (ECF No. 45). To date, there has been no return of service demonstrating that service of the complaint and summons on Defendant Kasandra Sanchez was accomplished nor has a waiver of service been filed by this Defendant.

Given these circumstances, the Court entered an order on April 14, 2022, directing Plaintiff to show cause why the case against Defendant Kasandra Sanchez should not be dismissed without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 111). Plaintiff's response was due no later than May 5, 2022. To date, Plaintiff has not filed any response.

**II.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* When a plaintiff proceeds *in forma pauperis*, the Court must order the United States Marshals Service to pursue service. Fed. R. Civ. P. 4(c)(3). However, "Plaintiff is responsible for providing the Marshal with sufficient information to serve the defendants" and, where he fails to do so, "the Court's sua sponte dismissal of the unserved defendants is appropriate." *Colon v. Zia*, No. 1:10-CV-01642-

GSA-PC, 2011 WL 6025657, at *3 (E.D. Cal. Dec. 2, 2011).

## III. ANALYSIS

Here, there is no indication on the docket that Plaintiff has served Defendant Kasandra Sanchez. Moreover, despite being directed to show cause why Defendant Kasandra Sanchez should not be dismissed under Rule 4(m), Plaintiff has not filed anything to excuse his failure to serve Defendant Kasandra Sanchez. Accordingly, Plaintiff having failed to offer proof of service or good cause to excuse service, the Court will recommend that Defendant Kasandra Sanchez be dismissed from this action without prejudice.

## IV. RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that the case against Defendant Kasandra Sanchez be dismissed without prejudice because of Plaintiff's failure to complete service pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after service of the Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2022**                 /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3