**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON QUICK, et al.,<br><br>        Defendants. | No. 1:19-cv-01591-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 123) |

The assigned magistrate judge issued findings and recommendations, recommending that Defendants' motion for summary judgment be granted to the extent that it seeks dismissal of Jackson's conspiracy and access-to-the-court claims and denied to the extent that it seeks dismissal of Jackson's legal mail claims. (Doc 123). The parties were permitted twenty-one days to file written objections. (*Id.* at 18). On October 27, 2022, Defendants filed objections, and on November 7, 2022, Jackson filed objections. (Docs. 126, 127). According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. The Court briefly addresses the parties' objections.

Defendants object to the magistrate judge's findings and recommendations in so far as a sufficient material dispute exists regarding whether Defendants had opened Jackson's legal mail

1

1    in an arbitrary and capricious manner. (Doc. 124 at 2-3.) Defendants argue that one instance of
2    opened legal mail does not meet the standard for arbitrary and capricious. (*Id.*) However, the
3    magistrate judge did not rely solely on a single piece of mail to reach the conclusion that a
4    material dispute of fact exists. (Doc. 123 at 13-14.) Jackson declared that he received, already
5    open, multiple pieces of mail from his attorneys. (*Id.*; Doc. 115 at 6.) The declarations of his
6    cellmates further corroborate his allegations. (Doc. 115 at 39, 41.) At the summary judgement
7    stage, it is not the Court's role to assess the credibility of these statements. *See Agosto v. INS*, 436
8    U.S. 748, 756 (1978) ("[A] district court generally cannot grant summary judgment based on its
9    assessment of the credibility of the evidence presented."). The magistrate judge correctly found
10   that the evidence demonstrated a sufficient dispute to deny summary judgment.
11           Turning to Jackson's objections, he objects to the findings and recommendations in so far
12   as they dismissed his conspiracy and access-to-the-courts claims. (Doc. 127.) Regarding the
13   conspiracy claim, Jackson's objections primarily focus on restating the allegations made in his
14   complaint and prior briefing. (*Id.* at 2-8.) The magistrate judge correctly found that Jackson did
15   not allege sufficient facts to support the element of a conspiracy claim which requires the
16   existence of an agreement or meeting of the minds to violate his constitutional rights. (Doc. 123
17   at 14-16.) Jackson did not submit any admissible evidence that showed the Defendants had met or
18   otherwise had a shared understanding or plan to interfere with Jackson's legal mail. (*Id.*) With his
19   objections, Jackson submitted two new documents in support of his claims, but neither change the
20   outcome. (Doc. 128.) With respect to the hearing transcript, Jackson only included one page of
21   the transcript. (*Id.* at 3.) The portion highlighted by Jackson, presumably most relevant to his
22   claims, ends mid-sentence and continues onto pages not submitted to the Court. (*Id.*) The
23   statement that Jackson's mail "is being monitored" standing alone, and without surrounding
24   context, does not evidence a conspiracy to improperly open Jackson's legal mail. (*Id.*) Regarding
25   Jackson's inmate grievance form, his statements do not contain any allegations that Defendants
26   had a agreement or meeting of the minds about his legal mail. (*Id.* at 4.) In addition, Jackson
27   repeats his objection that he was unable to interview witnesses and asks the Court to delay
28   judgment. (Doc. 127 at 3.) However, Jackson had ample time to conduct interviews or take

depositions before the expiration of the non-expert discovery deadline on February 4, 2022. (Doc. 76 at 5.)

With respect to Jackson's objections to the dismissal of his access-to-the-courts claims, these objections again fail to plead any injury that occurred as a result of the prison's alleged failure to provide him legal materials. (*See* Doc. 127 at 9-10.) Jackson must show that the alleged deprivation of the access to the courts negatively impacted or prejudiced him in litigation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Having considered the parties' objections and finding none have merit, the Court finds that the magistrate judge did not err in her findings and recommendations. Thus, the Court **ORDERS:**

1. The findings and recommendations issued on October 13, 2022, (Doc. 123), are **ADOPTED IN FULL.**
2. Defendants' motion for summary judgment (Doc. 108) is **GRANTED in part** to the extent that it seeks dismissal of Jackson's conspiracy and access-to-the-court claims and **DENIED in part** to the extent that it seeks dismissal of Jackson's legal mail claims.
3. This action proceeds only on Jackson's claims that Defendants Jason Quick, Elizabeth Alvarez, A. Rossette, Lt. Followill, Lisette Lopez, Dominic Ramos, Hermina Marley, and Carmela Prudente violated his First and Sixth Amendment rights regarding his legal mail.

IT IS SO ORDERED.

Dated:   **December 30, 2022**

UNITED STATES DISTRICT JUDGE