UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>J. QUICK, *et al.*,<br><br>        Defendant. | Case No. 1:19-cv001591-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA FORMS<br><br>(ECF No. 171). |

      This case is set for jury trial beginning on March 12, 2024. The parties have submitted motions *in limine*, proposed jury instructions, a proposed verdict form, and proposed voir dire questions. (ECF Nos. 164, 165, 166, 167, 169, 170, 178).

**I.    PLAINTIFF'S NOTICE AND REQUEST**

      On February 20, 2024, Plaintiff filed a notice regarding the Court's January 19, 2024, deadline to exchange exhibits and request for witness subpoena forms. (ECF No. 171). Plaintiff states that his cell was searched on January 16, 2024, and all of his writing supplies were confiscated. (*Id.* at 1). Plaintiff represents that he conveyed to officers that he needed the writing supplies because he was filing "motions for a deadline of exhibits on January 19, 2024" for an upcoming trial. (*Id.*) Plaintiff represents that he filed an administrative grievance and also a "notice" with the Court on this issue with a request for witness subpoena forms, but that he has

1

not heard back from the Court. (*Id.* at 1-2). For that reason, Plaintiff re-sent the instant notice of his reason for missing the exhibit exchange deadline and request for witness subpoena forms. (*Id.* at 2). Plaintiff states that he has exhibits of recorded conversations with Defendants and legal runners as well as citizen complaints. (*Id.*) Plaintiff states that he "doesn't know if an extension of time is warranted." (*Id.*) Plaintiff further requests ten witness subpoena forms and "that the Court take notice of the prejudice subjected that caused him to miss a deadline[.]" (*Id.*)

## II.    DEFENDANTS' RESPONSE

On February 28, 2024, Defendants filed a response to Plaintiff's request. (ECF No. 179). Defendants argue that Plaintiff is not entitled to the requested subpoena forms based on the Court's pretrial order, which denied Plaintiff "any additional 'incarcerated witness, except Steve Garcia, or unincarcerated witness who refuses to testify' because of his 'failure to comply with the scheduling order.'" (*Id.* at 2) (quoting ECF No. 157). Defendants also argue the Court should deny Plaintiff's apparent request for judicial notice of the prejudice experienced by Plaintiff as Defendants "fully dispute that Plaintiff has been prejudice in his ability to meet deadlines in this matter by any other person other than himself and as a result of his own actions or inactions." (*Id.*)

## III.   DISCUSSION

The Court will deny Plaintiff's request for witness subpoena forms. The Court's pretrial order includes a witness list of the witnesses that may be called at trial and states that "NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10)." (ECF No. 157 at 4). The pretrial order also addressed the issue of witness subpoenas, noting that Plaintiff did not properly identify witnesses who would testify involuntarily by the requisite deadline:

> The Court notes that the scheduling order set forth various procedures to obtain the attendance of witnesses. (Doc. 137.) As for incarcerated witnesses, a motion was required to be filed by May 25, 2023, listing certain information. Plaintiff filed such a motion but listed only one witness, Steve Garcia, his former cellmate. (Doc. 143.) The assigned magistrate judge granted the motion, in part, permitting this witness to testify remotely. (Doc. 153.) As for unincarcerated witnesses who

> refuse to voluntarily testify, Plaintiff was required to identify these witnesses by May 25, 2023, in order to subpoena them. Plaintiff has submitted no filing regarding unincarcerated witnesses. **Accordingly, to the extent that Plaintiff requests to call any incarcerated witnesses, except Steve Garcia, or unincarcerated witnesses who refuse to voluntarily testify, his request is DENIED for failure to comply with the scheduling order.** Plaintiff remains free to call any unincarcerated witness listed above and who agrees to testify voluntarily, but it is his responsibility to secure their attendance at the trial.

(*Id.*) Thus, for the same reasons identified in the Court's pretrial order, Plaintiff's request for witness subpoenas is denied.

As for Plaintiff's notice regarding the deadline to exchange exhibits, Plaintiff has not asked the Court for any specific relief in connection to this notice. The Court notes that Plaintiff appears to identify exhibits he intended to exchange with Defendants as recorded conversations and citizen complaint forms. The pretrial order lists Plaintiff's expected exhibits as: "1. Envelopes received open; 2. Plaintiff's Inmate Grievances and Responses to Grievances; and 3. Jail Policy and Procedure Manual."[1] (ECF No. 157 at 7). The pretrial order also provides that no exhibit, aside from the ones listed in the order, "MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11)." (*Id.* at 8). The pretrial order further provided specific instructions and criteria for a party who intends to use an undisclosed exhibit for any purpose, including notice to the Court and opposing parties. (*Id.* at 6-7). Plaintiff has not followed those instructions or filed anything with the Court demonstrating that any undisclosed exhibit meets the requisite criteria described in the pretrial order.

Finally, to the extent Plaintiff seeks judicial notice of any prejudice experienced by Plaintiff in this case, Plaintiff's request is denied. *See* Fed. R. Evid. 201(b) (the court may only take judicial notice of facts not subject to reasonable dispute).

\\\
\\\
\\\

---

[1] On February 9, 2024, Defendants filed a motion *in limine* to exclude Plaintiff's physical evidence of the envelopes Plaintiff received open. (ECF No. 167). The pretrial order set a deadline for any opposition to any motion *in limine* as February 23, 2024. To date, Plaintiff has not opposed Defendants' motion. The motion *in limine* remains pending before the Court.

## IV.  ORDER

Based on the foregoing, IT IS ORDERED that Plaintiff's request for witness subpoena forms (ECF No. 171) is DENIED.

IT IS SO ORDERED.

Dated: __February 29, 2024__          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

4