# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>JASON QUICK, et al.,<br><br>    Defendants. | Old Case No. 1:19-cv-01591 JLT EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO FILE CONSENT/DECLINE FORM AND MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION<br>(Doc. 183) |

Mr. Jackson previously consented to magistrate judge jurisdiction for all purposes. More recently, the defense filed a similar consent. Consequently, the Court reassigned the case to the Magistrate Judge to conduct the trial and any other remaining actions in this case. (Doc. 173) Now, Mr. Jackson seeks additional time to file a consent/decline form related to magistrate judge jurisdiction. (Doc. 183) The Court construes this as a motion to withdraw consent by Plaintiff. The case was assigned to the undersigned for the limited purpose addressing this matter.

If all parties to a civil action consent, all proceedings including trial and entry of judgment may be conducted by a magistrate judge. 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019); *Dixon v. Ylst*, 990 F.2d 478, 479–80 (9th Cir. 1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480. Once a civil case is referred to a magistrate judge under § 636(c), the reference can be withdrawn by the court only "for good cause on its own

motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*, 936 F.3d at 1002; *Dixon*, 990 F.2d at 480. The "extraordinary circumstances" standard applicable to a party seeking to withdraw consent to magistrate judge jurisdiction is a high bar. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.* A motion to withdraw consent or reference is to be decided by the district judge, not the magistrate judge. *Id.* at 1003.

Plaintiff fails to meet the high burden required to justify withdrawing his consent to magistrate judge jurisdiction. Plaintiff did not provide any explanation for his attempt to withdraw his consent, much less a justification that would satisfy the required "extraordinary circumstances" standard. Because Plaintiff voluntarily consented to magistrate judge jurisdiction and failed to demonstrate extraordinary circumstances to withdraw his consent, Plaintiff's motion to withdraw his consent is **DENIED**.

This case **SHALL** be re-assigned to United States Magistrate Judge Erica P. Grosjean for all purposes, including trial and entry of judgment. Further papers shall bear the case number **1:19-cv-01591 EPG (PC)**. The U.S. District Judge will take no further action in this case.

IT IS SO ORDERED.

Dated:   **February 29, 2024**

UNITED STATES DISTRICT JUDGE