UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>               Plaintiff,<br><br>    v.<br><br>J. QUICK, et al.,<br><br>               Defendants. | Case No.: 1:19-cv-01591-EPG (PC)<br><br>ORDER ON MOTIONS IN LIMINE<br><br>(ECF Nos. 164–167) |

       Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First and Sixth Amendment claims against Defendants Jason Quick, Elizabeth Alvarez, Alvaro Rossette, James Followill, Lisette Lopez, Dominic Ramos, Hermina Marley, and Carmela Prudente ("Defendants") based on allegations that Defendants regularly opened Plaintiff's legal mail outside of his presence and read Plaintiff's legal mail related to criminal matters. (ECF Nos. 25, 30, 131). All parties have consented to Magistrate Judge jurisdiction. (ECF No. 173). This action is currently set for jury trial to begin on March 12, 2024.

       On February 2, 2024, Plaintiff filed a motion *in limine*. (ECF No. 164). On February 9, 2024, Defendants filed several motions *in limine*. (ECF Nos. 165-167). Defendants filed a response to Plaintiff's motion *in limine* on February 23, 2024. (ECF No. 174). Plaintiff filed an

opposition to Defendants' motions *in limine* on March 1, 2024.[1] (ECF No. 185). The Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g).

## I.   LEGAL STANDARDS

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Judges have broad discretion in ruling on a motion *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)); *see also United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (motion *in limine* rulings are reviewed for abuse of discretion).

## II.   DISCUSSION

The Federal Rules of Evidence provide that relevant evidence is generally admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A.   Plaintiff's Motion *in Limine*

Plaintiff has filed one motion *in limine*, requesting that the Court preclude Defendants and their witnesses from "speak[ing] of/or testify[ing] to the plaintiff's alleged charges or any of his prior convictions." (ECF No. 164 at 1). Defendants "do not object to Plaintiff's general request

---

[1] Plaintiff's opposition is untimely. The Court's pretrial order set a deadline for oppositions to motions *in limine* as February 23, 2024. (ECF No. 157 at 3). Plaintiff's opposition also generally argues that he was unable to meet the Court's January 19, 2024, deadline to exchange exhibits because his cell at the Madera County Jail was searched on January 17, 2024, and his writing supplies were "confiscated." (ECF No. 185 at 3). Plaintiff does not explain whether he was unable to meet the deadline to file his opposition to motions *in limine* for this same reason. Plaintiff has not requested any modification to the deadlines set forth in the Court's pretrial order. However, the Court has considered Plaintiff's opposition.

for exclusion of such evidence." (ECF No. 174 at 2). However, Defendants note that, given the nature of Plaintiff's legal mail claim, it will be "necessary for the jury to know about, and hear testimony and/or review evidence pertaining to Plaintiff's *status* as an inmate." (*Id.*) (emphasis in original).

Based on Defendants' non-opposition, the Court grants Plaintiff's motion for the exclusion of evidence related to Plaintiff's criminal charges and prior convictions.

However, Plaintiff's status as a pretrial detainee confined at the Madera County Jail at the time of events at issue in this case is relevant to Plaintiff's First and Sixth Amendment claims regarding the opening and reading of Plaintiff's legal mail. Accordingly, Defendants may present evidence and testimony that references Plaintiff's status as a pretrial detainee confined at the Madera County Jail at the time of events at issue in this case.

**B.     Defendants' Motion *in Limine* No. 1**

Defendants first move to "exclude all evidence or arguments regarding issues and claims summarily adjudicated in the Court's October 13, 2022, Order (Doc. 123)[.]" (ECF No. 165 at 3). Specifically, Defendants move to exclude the proposed testimony of Debra Jefferson and Bernice Bellinger because (1) they are not relevant under Federal Rules of Evidence 401 and 402, and (2) their proposed testimony would constitute inadmissible hearsay under Federal Rule of Evidence 802. (*Id.*) Plaintiff's opposition argues that the testimony of Debra Jefferson and Bernice Bellinger is relevant to establish the intent to open Plaintiff's legal mail outside of his presence.[2] (ECF No. 185 at 2).

Plaintiff's First Amended Complaint brought three separate causes of action: (1) a violation of his First and Sixth Amendment regarding his legal correspondence with attorneys ("legal-mail claim"); (2) an allegation that prosecutors in his state criminal case conspired with Defendant Quick, who in turn, conspired with Defendants Alvarez and Rosette, to censor his legal mail; and (3) an access-to-the-court claim based on Alvarez's alleged failure to provide Plaintiff

---

[2] Plaintiff's opposition also suggests that he will proffer physical evidence as part of Debra Jackson and Bernice Bellinger's testimony. (ECF No. 185 at 2). Specifically, Plaintiff indicates that this physical evidence consists of "citizen complaints and audio recordings of conversations with Defendants." (*Id.*) As the Court previously noted, these exhibits were not previously disclosed, and Plaintiff has not followed the instructions or filed anything with the Court regarding the admissibility of his undisclosed exhibits. (ECF No. 181 at 3). Thus, they are not permitted by the Court's pretrial order.

with adequate legal supplies and to allow him to represent himself in his state court criminal proceeding. (*See* ECF No. 23). Defendants' motion for summary judgment was granted as to Plaintiff's conspiracy and access-to-the-court claims and denied as to Plaintiff's legal-mail claims. (ECF 123 at 18; ECF No. 131). Accordingly, this case proceeds only on Plaintiff's legal-mail claims. Any evidence relevant only to the dismissed claims is not admissible at trial.

In his pretrial statement, Plaintiff represents that he intends to call "his legal runners Debra Jefferson, and Bernice Bellinger as witnesses to Plaintiff's attorney reporting that Defendants [were] photocopying his legal mail and turning it over to the prosecuting attorney." (ECF No. 150 at 6). "Evidence that has relevance to both a dismissed claim and a remaining claim is admissible," subject to other potentially applicable evidentiary objections. *Caruso v. Solorio*, No. 1:15-CV-780-AWI-EPG (PC), 2021 WL 22498, at *13 (E.D. Cal. Jan. 4, 2021). Thus, Debra Jefferson and Bernice Bellinger may be called if their proffered testimony is *also* relevant to Plaintiff's active legal-mail claim. *See id.*; *see also Hernandez v. City of Los Angeles*, No. 2:19-cv-00441-CAS (GJSx), 2022 WL 16551705, at *6 (C.D. Cal. Aug. 1, 2022).

However, to the extent Plaintiff intends to call Debra Jefferson and Bernice Bellinger in support of either summarily adjudicated claim, i.e., Plaintiff's conspiracy and access-to-the-court claims, but that is not also relevant to Plaintiff's legal mail claim, the Court **GRANTS IN PART** Defendants' Motion *in Limine* No. 1 (ECF No. 165). Fed. R. Evid. 401, 402; *Caruso*, 2021 WL 22498, at *13; ("[E]vidence or arguments relating to a dismissed claim is not relevant.").

However, Debra Jefferson and Bernice Bellinger will not be permitted to testify at to what non-parties, including Plaintiff's criminal counsel, told them if offered into evidence for the truth of the matter asserted. The Federal Rules of Evidence generally prohibit hearsay. Fed. R. Evid. 802. Hearsay is "a statement the declarant does not make while testifying at the current trial or hearing [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Here, Plaintiff represents that these witnesses will testify that Plaintiff's counsel "reported" that Defendants photocopied Plaintiff's legal mail. The Court agrees with Defendants that Plaintiff appears to seek testimony from Debra Jefferson and Bernice Bellinger about what Plaintiff's counsel told them or what Plaintiff's counsel told Plaintiff about Defendants' actions as proof of Defendants' actions. This is inadmissible hearsay.

4

Accordingly, the Court **GRANTS IN PART** Defendants' Motion *in Limine* No. 1 (ECF No. 165) to the extent that Debra Jefferson and Bernice Bellinger may not testify about what Plaintiff's criminal counsel told Plaintiff about Defendants' conduct.

Other than that limitation, the Court will not preclude these witnesses from giving any testimony at this time, to be further determined at trial. Accordingly, the Court otherwise **RESERVES** ruling on Defendants' Motion *in Limine* No. 1 (ECF No. 165) to the extent Defendants seek to preclude any testimony from Debra Jefferson and Bernice Bellinger. As discussed above, these witnesses may be called to offer non-hearsay admissible testimony that is relevant to Plaintiff's legal mail claims.

### C. Defendants' Motion *in Limine* No. 2

In his pretrial statement, Plaintiff briefly mentions that he intends to call his son, Cornel Jackson, Jr., as a witness. (ECF No. 150 at 6). Plaintiff does not state how his son's proffered testimony is relevant, the nature and substance of what his son intends to testify, nor how Jackson, Jr. has personal knowledge of Plaintiff's legal-mail claims, which took place inside Madera County Jail. (*See id.*) Defendants move *in limine* to exclude all proposed testimony from Jackson, Jr., as he "lacks the requisite personal knowledge of matters," pursuant to Federal Rule of Evidence 602, and that his proffered testimony is not relevant under Rules 401, 402, and 403. (ECF No. 166 at 2).

Federal Rule of Evidence 602 states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Here, Plaintiff's pretrial statement does not describe the testimony his son is expected to provide or how that testimony is relevant to Plaintiff's legal mail claim. Plaintiff's opposition to Defendants' motions *in limine* briefly mentions that "his witness Cornel Jackson Jr. is received from module officers," but does not otherwise explain how his son's testimony is relevant or describe how his son has personal knowledge of facts relevant to Plaintiff's legal mail claim. (ECF No. 185 at 2-3). Plaintiff's son is not an inmate who could have witnessed Plaintiff receive opened legal mail nor an attorney who could have sent Plaintiff legal mail. Accordingly, Plaintiff has not established that Cornel Jackson, Jr. has any admissible testimony to give. The Court therefore **GRANTS** Defendants' Motion *in Limine* No. 2 (ECF

No. 166) and excludes the testimony of Plaintiff's son, Cornel Jackson, Jr.

### D. Defendants' Motion *in Limine* No. 3

Finally, Plaintiff's pretrial statement notes that he anticipates introducing exhibits of "envelopes received open." (ECF No. 150 at 6). Defendants move to exclude the introduction of this anticipated exhibit, as they represent that Plaintiff "failed to disclose such proffered evidence by the deadline set forth in the Court's October 24, 2023, Pretrial Order[.]" (ECF No. 167 at 3). Thus, Defendants maintain that Plaintiff's failure to disclose this evidence has prejudiced their case and constitutes an unfair surprise at trial. (*Id.*)

On February 20, 2024, Plaintiff filed a request for subpoena forms and "notice" with the Court regarding his reasons for missing the deadline to exchange exhibits, stating that on January 16, 2024, correctional officers searched his jail cell and confiscated his writing supplies. (ECF No. 171 at 1). Plaintiff alleges that officers "disregarded" his requests to file a "motion[] for a deadline of exhibits, thereby causing him to miss his deadline. (*Id.*) The Court denied Plaintiff's request for subpoena forms on February 29, 2024. (ECF No. 181). As for Plaintiff's notice regarding the missed exhibit exchange deadline, the Court noted that Plaintiff "has not asked the Court for any specific relief in connection to this notice." (*Id.* at 3).

Plaintiff's opposition to Defendants' motions *in limine* generally repeats his allegations regarding his reasons for missing the deadline to exchange exhibits. (ECF No. 185 at 3). On March 1, 2023, Plaintiff submitted several declarations, including his own and two inmate witnesses, which indicate that Plaintiff's legal papers were left in disarray after the search and his writing supplies confiscated. (ECF Nos. 186-188).

The Court's October 25, 2023 pretrial order directed the parties to exchange exhibits not previously produced or obtained in discovery by January 19, 2024. (ECF No. 157 at 7). Plaintiff therefore had approximately three months to exchange his intended exhibit of opened envelopes. Although Plaintiff alleges that he was hindered in meeting the exchange deadline by no fault of his own, Plaintiff does not allege that the opened envelopes he intended to proffer as physical exhibits were confiscated by the officers. Notably, Plaintiff's declaration references legal documents that were searched, but only states that the officers confiscated his writing supplies. (*See* ECF No. 186). A declaration from Plaintiff's inmate witness to this search states that

Plaintiff made it known to the officers that "he no longer had any ink pens to complete his work for court." (ECF No. 187 at 1).

Ultimately, the Court is unpersuaded by Plaintiff's arguments. The Court afforded Plaintiff almost three months to comply with its extended deadline and produce late discovery—such as his opened envelopes—to Defendants. One search of his jail cell on one occasion, *three days* before the Court's extended discovery deadline, cannot excuse Plaintiff's delay in producing such pertinent discovery to the other side.

It is also worth noting that Plaintiff has timely filed other documents and papers in this case, including his opposition to Defendants' motions *in limine,* close in time to the deadline for exchange of exhibits, further casting doubt on Plaintiff's purported reason for not disclosing the envelopes. (ECF No. 185). Notably, Plaintiff has other pending matters in this District, where he was able to timely file papers with the Court on or around the date of his alleged jail cell search. For example, in *Jackson v. Marley, et al.*, No. 1:23-cv-00149-HBK (E.D. Cal.), Plaintiff filed a notice with the Court on January 29, 2024. (*Marley, et al.*, ECF No. 10.) Jackson hand-wrote this filing and signed it on January 19, 2024—the date of the extended discovery deadline in *this* case, and three days after the alleged search of his jail cell. (*Id.* at 2). Similarly, in *Jackson v. Khalib, et al.*, No. 1:20-cv-1567-NODJ-SKO (E.D. Cal.), Plaintiff filed a notice with the Court on January 29, 2024. (*Khalib, et al.*, ECF No. 53). Plaintiff hand-wrote this filing and signed it on January 22, 2024. (*Id.* at 2.) Both filings in Plaintiff's other pending matters in this District demonstrate to the Court that Plaintiff possessed both the means and the ability to timely file papers in this action—notwithstanding any search of his jail cell or confiscation of writing materials—and therefore undermine his reason for his delinquent exchange of pertinent discovery.

Moreover, at this late stage of the case, Defendants would be unduly prejudiced by the admission of the undisclosed opened envelopes. Plaintiff has not described these opened envelopes in any detail. Defendants have not been afforded the opportunity to inspect the evidence to determine its authenticity and prepare any defense or counterevidence at trial.

Based on the foregoing, the Court **GRANTS** Defendants Motion *in Limine* No. 3 (ECF No. 167). Plaintiff is therefore prohibited from introducing exhibits of "envelopes received open" at trial.

### III. CONCLUSION AND ORDER

Based upon the foregoing, **IT IS ORDERED** that:

1. Plaintiff's Motion *in Limine* No. 1 (ECF No. 164) is **GRANTED IN PART** as follows: Defendants, Defendants' counsel, and Defendants' witnesses are precluded from referencing or testifying as to Plaintiff's criminal charges or prior convictions. However, Defendants may present evidence and testimony that references Plaintiff's status as a pretrial detainee confined at the Madera County Jail at the time of events at issue in this case.

1. Defendants' Motion *in Limine* No. 1 (ECF No. 165) is **GRANTED IN PART** as follows: Plaintiff is precluded from presenting evidence regarding summarily adjudicated claims, i.e., Plaintiff's conspiracy and access-to-the-court claims , unless such evidence is relevant to Plaintiff's legal mail claims. Plaintiff's witnesses, Debra Jefferson and Bernice Bellinger, are also precluded from providing testimony about what non-parties, including Plaintiff's counsel, said regarding Defendants' actions. However, Defendants' Motion *in Limine* No. 1 is **RESERVED** to the extent that Debra Jefferson and Bernice Bellinger may be called to offer non-hearsay admissible testimony that is relevant to Plaintiff's legal mail claims.

2. Defendants' Motion *in Limine* No. 2 (ECF No. 166) is **GRANTED** as follows: Plaintiff is precluded from proffering Cornel Jackson, Jr, as a witness.

3. Defendants' Motion *in Limine* No. 3 (ECF No. 167) is **GRANTED** as follows: Plaintiff and Plaintiff's witnesses are prohibited from introducing exhibits of "envelopes received open" at trial.

IT IS SO ORDERED.

Dated:   **March 6, 2024**            /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE