UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORNEL JACKSON,

               Plaintiff,

     v.

J. QUICK, *et al.*,

               Defendants.

Case No. 1:19:-cv-01591-EPG (PC)

ORDER REGARDING PLAINTIFF'S
REQUEST FOR LEGAL RULES

On March 13, 2024, the Court held jury trial proceedings in this case. After the close of Plaintiff's case, and outside the presence of the jury, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The Court heard argument from both parties and granted Defendants' motion. After the Court granted judgment as a matter of law in favor of Defendants, Plaintiff requested that the Court provide applicable legal rules for post-trial motions and appeals.

The Court will not, and may not, provide legal advice to Plaintiff.  Nevertheless, the Court will provide the following legal rules regarding post-trial motions and appeals that Plaintiff may find potentially relevant.

The following legal rules are non-exhaustive as to what rules Plaintiff may find potentially

relevant.[1] The following legal rules are not a substitute for Plaintiff's own legal research. Plaintiff is advised that Eastern District of California Local Rule 183(a) provides, in part, that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*." L.R. 183(a).

**Federal Rule of Civil Procedure 50 provides as follows:**

(a) JUDGMENT AS A MATTER OF LAW.

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

(b) RENEWING THE MOTION AFTER TRIAL; ALTERNATIVE MOTION FOR A NEW TRIAL. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

(c) GRANTING THE RENEWED MOTION; CONDITIONAL RULING ON A MOTION FOR A NEW TRIAL.

(1) *In General.* If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.

(2) *Effect of a Conditional Ruling.* Conditionally granting the motion for a new trial does not affect the judgment's finality; if the judgment is reversed, the new

---

[1] Further, the Court has not included any advisory committee notes or statutory information.

trial must proceed unless the appellate court orders otherwise. If the motion for a new trial is conditionally denied, the appellee may assert error in that denial; if the judgment is reversed, the case must proceed as the appellate court orders.

(d) TIME FOR A LOSING PARTY'S NEW-TRIAL MOTION. Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment.

(e) DENYING THE MOTION FOR JUDGMENT AS A MATTER OF LAW; REVERSAL ON APPEAL. If the court denies the motion for judgment as a matter of law, the prevailing party may, as appellee, assert grounds entitling it to a new trial should the appellate court conclude that the trial court erred in denying the motion. If the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment.

Fed. R. Civ. P. 50.

**Federal Rule of Civil Procedure 59 provides as follows:**

(a) IN GENERAL.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) TIME TO FILE A MOTION FOR A NEW TRIAL. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) TIME TO SERVE AFFIDAVITS. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59.

3

**Eastern District Local Rule 291.2  provides as follows:**

Motions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and (3) if a ground is newly discovered evidence, the particulars thereof, together with a full. complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith. A motion for new trial and any opposition thereto shall be supported by briefs. Except as otherwise provided in this Rule or in the Federal Rules of Civil Procedure, L.R. 230 shall apply to motions for new trial.

E.D Cal. L.R. 291.2.

**Federal Rule of Civil Procedure 60 provides as follows:**

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

    (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

    (2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

4

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

Fed. R. Civ. P. 60.

**Federal Rule of Appellate Procedure 3 provides:**

(a) FILING THE NOTICE OF APPEAL.

(1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).

(2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.

(3) An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.

(4) An appeal by permission under 28 U.S.C. §1292(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively.

(b) JOINT OR CONSOLIDATED APPEALS.

(1) When two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

(2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

(c) CONTENTS OF THE NOTICE OF APPEAL.

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment—or the appealable order—from which the appeal is taken; and

(C) name the court to which the appeal is taken.

(2) A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3) In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4) The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

(5) In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:

    (A) An order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

    (B) an order described in Rule 4(a)(4)(A).

(6) An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

(7) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.

(8) Forms 1A and 1B in the Appendix of Forms are suggested forms of notices of appeal.

(d) SERVING THE NOTICE OF APPEAL.

(1) The district clerk must serve notice of the filing of a notice of appeal by sending a copy to each party's counsel of record—excluding the appellant's—or, if a party is proceeding pro se, to the party's last known address. When a defendant in a criminal case appeals, the clerk must also serve a copy of the notice of appeal on the defendant. The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice. The district clerk must note, on each copy, the date when the notice of appeal was filed.

(2) If an inmate confined in an institution files a notice of appeal in the manner provided by Rule 4(c), the district clerk must also note the date when the clerk docketed the notice.

(3) The district clerk's failure to serve notice does not affect the validity of the appeal. The clerk must note on the docket the names of the parties to whom the clerk sends copies, with the date of sending. Service is sufficient despite the death of a party or the party's counsel.

6

(e) PAYMENT OF FEES. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

Fed. R. App. 3.

**Federal Rule of Appellate Procedure 4(a) regards civil appeals:**

(a) APPEAL IN A CIVIL CASE.

> (1) *Time for Filing a Notice of Appeal.*

>> (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

>> (B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

>>> (i) the United States;

>>> (ii) a United States agency;

>>> (iii) a United States officer or employee sued in an official capacity; or

>>> (iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

>> (C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

> (2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

> (3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

> (4) *Effect of a Motion on a Notice of Appeal.*

>> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

>>> (i) for judgment under Rule 50(b);

>>> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(iii) No additional fee is required to file an amended notice.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

8

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

    (A) A judgment or order is entered for purposes of this Rule 4(a):

        (i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

        (ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

            • the judgment or order is set forth on a separate document, or

            • 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

    (B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

Fed. R. App. 4(a).

IT IS SO ORDERED.

Dated:   **March 13, 2024**           /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE