UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. QUICK, *et al.*,<br><br>    Defendant. | Case No. 1:19-cv-01591-EPG (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS<br><br>(ECF Nos. 205, 206). |

On March 18, 2024, after the jury trial in this matter had concluded, the Court received "Plaintiff's Objections to the Court's Errors in the Jury Instructions," (ECF No. 205) and "Plaintiff's Objection's to the Court's Denial of his Motion for Subpoena Forms and Motion for Extension of Time to Fix Evidence," (ECF No. 206). On March 21, 2023, Defendants filed responses to Plaintiff's objections. (ECF Nos. 209, 210).

For the reasons set forth below, Plaintiff's belated objections are overruled.

**A.    Jury Instructions Objections**

The Court submitted proposed jury instructions to the parties on March 6, 2024. (ECF No. 191). The Court held a conference before the start of the jury trial on the morning of March 12, 2024, and heard and ruled on all objections to the proposed jury instructions. Plaintiff made objections at that time, which were addressed by the Court. Plaintiff did not indicate he had additional objections, written or otherwise. The Court then proceeded to a jury trial. The Court

granted Defendants' directed verdict on March 14, 2024. (ECF No. 200).

Now, the Court has received a document that purports to be Plaintiff's objections to jury instructions, which are dated March 11, but were not received by the Court until March 18, after the jury trial had concluded.

Federal Rule of Civil Procedure 51(b) provides that the court "must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments." Fed. R. Civ. P. 51(b)(1). Further, the court "must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2). An objection to jury instructions is timely if it is made at that "opportunity to object on the record" or if "a party was not informed of an instruction or action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been, given or refused." Fed. R. Civ. P. 51(c)(2)(A)-(B).

Here, the Court gave Plaintiff an opportunity to object to jury instructions on the record on the morning of March 12, before the jury trial commenced. Plaintiff made objections to the instructions at that time, which were addressed by the Court on the record. Accordingly, Plaintiff's additional objections dated March 11, 2024 (ECF No. 205) are OVERRULED as untimely and procedurally improper.

**B.     Objections to Other Court Orders**

Also after the conclusion of the jury trial, Plaintiff filed objections to the pre-trial order denying his "motion for subpoena forms and motion for extension of time to fix evidence." (ECF No. 206). Plaintiff also objects to the Court's order granting Defendants' motion in *limine* to preclude Plaintiff from presenting certain evidence. (*Id.*) Plaintiff argues that the Court "erred" in precluding certain evidence. (*Id.*) Plaintiff further argues "that the magistrate's orders" were biased against Plaintiff. (*Id.*) Plaintiff "respectfully objects to the magistrate's denial of his motions." (*Id.*)

To the extent Plaintiff raises objections to those orders after the jury trial has concluded, such objections are untimely.

Moreover, Plaintiff's objections do not present any basis for reconsidering the Court's

prior orders. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff has failed to establish any basis for reconsideration under Rule 60(b).

**C.    Conclusion**

Based on the foregoing, Plaintiff's objections (ECF Nos. 205, 206) are OVERRULED.

IT IS SO ORDERED.

Dated:   **March 29, 2024**                    /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE

3